IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV44-02-MU

**MARQUEION J. HARRISON,** )
    **Plaintiff,** )
                                            )
      v. )              <u>ORDER</u>
                                            )
**STATE OF NORTH CAROLINA, et al.,** )
    **Defendants.** )
_____)

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. §1983, filed March 9, 2010.[1]

At the outset, the Court notes that it is authorized to conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Having conducted such a review, the Court has determined that Plaintiff's Complaint must be <u>dismissed</u>, without prejudice, for his failure to exhaust his administrative remedies.

Plaintiff is an inmate at the Alexander Correctional Institution. According to the Complaint, between April 2006 and January 2010, Plaintiff reportedly was subjected to "a number of

---

[1] For no apparent reason, Plaintiff filed this Complaint in the United States District Court for the District of Columbia. (Doc. Nos. 1 and 3). However, inasmuch as Plaintiff is complaining about the conditions of his confinement at a prison which is located within this judicial district, the Court in the District of Columbia properly transferred this action to this Court on April 9, 2010. (Doc. No. 4).

assaults of physical brutality, medical negligence, denial of emergency medical attention, food contamination, violation censorship of mail and violation of search and seizures . . ." at the hands of the "staff of the State of North Carolina Department of Correction Division of Prison." (Doc. No. 1 at 3). Plaintiff further reports his concern that in the future, he "may be subjected to more cruel and unusual punishment . . . such as being transferred to another prison where [he] could receive the same cruel and unusual punishment, such as a prison outside the jurisdiction of Halifax, North Carolina, with [his] sentence gain, good, merit and earned time being purposedly [sic] interrupted to purposedly [sic] disturb [his] sentence or to a Security Threat Group program with the same information and belief being disclosed to [him]." (Id.).

Critically, Plaintiff's Complaint states that he "used" the grievance procedure available to him at the Alexander Correctional Institution in that on June 1, 2008 he "presented the facts relating to this complaint"; that on December 29, 2009, he was notified that his grievance had been denied; and that on January 7, 2010, he appealed the denial of his grievance. (Id. at 4). Notably, however, Plaintiff reports no results of the subject appeal.

Thereafter, on April 21, 2010, Plaintiff filed copies of

documents which he identifies as the "grievance" which he filed in connection with this and another civil rights case which was filed in this District as 5:10CV43. (Doc. No. 5 at 1). One of the three documents which he filed is a "confidential grievance" dated April 8, 2010, by which Plaintiff complains exclusively about his transfers to several different facilities over an unspecified period of time; and the allegedly erroneous calculations of his "good, gain, earned, merit time [credits] and sentence length." (Id. at 3). The second document, also dated April 8, 2010, appears to be a continuation of the first grievance form in that it raises further complaints regarding the calculations of his "good, gain, merit and earned time [credits]." (Id. at 5). The third document is a form letter from the Director of Prisons at the North Carolina Department of Corrections, dated April 14, 2010. (Id. at 2). Such letter was written in reference to Plaintiff's grievance about the "calculation, reinstatement of good, gain, merit time [and] sentence length," and it explains that although the subject grievance was received in that office, the grievance does not pertain to any matter which was "considered confidential, life threatening, and does not qualify as an emergency." (Id.). Therefore, the grievance was returned to Plaintiff for submission through the standard administrative grievance process at his Prison. (Id.).

The Prison Litigation Reform Act of 1995 mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, it is axiomatic that exhaustion is mandatory and unexhausted claims cannot be brought in federal court. Woodford v. Ngo, 548 U.S. 81, 85-89 (2006). A prisoner's failure to exhaust his administrative remedies is an affirmative defense; therefore, the prisoner does not have to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock, 549 U.S. 199, 211-12 (2007). Nevertheless, a court may dismiss a prisoner § 1983 action on initial review when it is apparent from the face of the complaint that the prisoner has not exhausted administrative remedies. See Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 678-83 (4th Cir. 2005) (noting that 42 U.S.C. § 1997(e)(c)(2) "clearly contemplates the dismissal on the merits of some claims that have not been exhausted"; and that while failure to exhaust is an affirmative defense, that fact does not "foreclose in all cases the possibility of a sua sponte dismissal on exhaustion grounds.").

Plaintiff's Complaint along with his additional submission make it clear that his allegations have not yet been exhausted. Indeed, Plaintiff's Complaint explains that the grievance which

4

he filed in 2008, which presumably covers all of the non-sentence related claims set forth in his Complaint, has not progressed past the second step of the N.C. Department of Correction's three-step grievance process (Doc. No. 1 at 4). Furthermore, his most recent submission (Doc. No. 5) reflects that his grievance concerning his sentence calculations was written <u>after</u> he filed this Complaint and, in any event, has not been resolved. Therefore, the Court cannot exercise jurisdiction over those matters. 42 U.S.C. § 1997e(a). Accordingly, the instant Complaint must be <u>dismissed</u> without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** to his right to file another Complaint after he fully exhausts his administrative remedies at his prison.

**SO ORDERED.**

Signed: April 22, 2010

Graham C. Mullen
United States District Judge